# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DONNA L. FELL-BOURELLE,

    Plaintiff, : Case No. 3:09-cv-069

                                                                                              District Judge Thomas M. Rose
    -vs-                                                                               Magistrate Judge Michael R. Merz

                                                                                                            :

FREMONT INVESTMENT & LOAN,
  et al.,

    Defendants.

## REPORT AND RECOMMENDATIONS

Plaintiff Donna L. Fell-Bourelle filed this case *pro se* on February 23, 2009. Her Complaint includes eleven counts against four named and ten pseudonymously named Defendants for violations of various state and federal laws regarding the financing of her residence. At the very end of the Complaint, she prays for "immediate issuance of a Preliminary Injunction or Temporary Restraining Order precluding the foreclosure sale of her property. . . ." She also avers that a Judgment Entry of foreclosure would be entered against her in the Common Pleas Court of Miami County (Case No. 08CV547) on February 25, 2009. *Id*. at ¶ 42.

No process has issued in this case and Plaintiff has not filed a separate motion for temporary restraining order. Nevertheless, from reading the Complaint, the Magistrate Judge believes Plaintiff may be asking this Court to enjoin the Miami County Common Pleas Court from proceeding with its case and, because the next expected event in that case is less than forty-eight hours away, that this Court will act on the request for temporary injunctive relief before that next expected event.

The factors to be considered in determining whether to issue a preliminary injunction are

1

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiffs have shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985).

The same four factors apply to issuance of a temporary restraining order and Plaintiff has made no showing on the merits to satisfy these factors. Additionally, the request for temporary injunctive relief does not meet the form requirements of either Fed. R. Civ. P. 65 ot S. D. Ohio Civ. R. 65.1. Finally, 28 U.S.C. § 2283 prohibits a federal court from enjoining proceedings in a state court "except where expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This Court is not aware of any Act of Congress allowing an injunction under the circumstances pled in this case.

Accordingly, it is respectfully recommended that Plaintiff's request for a temporary restraining order, to be issued ex parte without notice to the opposing parties, be denied. This recommendation is without prejudice to any request for a preliminary injunction made by separate motion.

February 23, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).