# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DONNA L. FELL-BOURELLE,

       Plaintiff,                      :         Case No. 3:09-cv-069

                                                                     District Judge Thomas M. Rose
   -vs-                                               Magistrate Judge Michael R. Merz

                                                      :

FREMONT INVESTMENT & LOAN,
  et al.,

       Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

On June 26, 2009, the Magistrate Judge filed a Report and Recommendations recommending that this case be dismissed without prejudice as to Defendants Wells Fargo Bank, N.A.; National Mortgage Funding; and Amanda Harrison (Doc. No. 11). Plaintiff has filed no objections, but on July 14, 2009, within the time for objections, filed what purports to be a Certificate of Service (Doc. No. 12).

In the Certificate, Plaintiff recites that she is not a party to the case, when she manifestly is a party. The Certificate purports to show that service was made by regular United States mail on National Mortgage Funding, Peter Mahler, and Amanda Harrison. Attached are copies of certified mail return receipt cards (green cards) which purport to show receipt of certified mail by P. Nevers on behalf of National Mortgage Funding on March 26, 2009, and by someone else whose signature is not legible on March 30, 2009, also on behalf of National Mortgage Funding. On March 27, 2009, Stephen Forde (spelling?) signed a similar card on behalf of Peter Mehler. On June 3, 2009, Mr. Mehler filed his Affidavit with this Court indicating that he is counsel for Wells Fargo in the

1

foreclosure action against the Plaintiff in the Miami County Common Pleas Court, that he received the Summons and Complaint from Plaintiff, that he is not an authorized agent of Wells Fargo to accept service of process, and that he notified Plaintiff of these facts on May 18, 2009 (Doc. No. 10).

From these facts, the Magistrate Judge again concludes that this action should be dismissed as to Wells Fargo, National Mortgage Funding, and Amanda Harrison without prejudice for want of prosecution by reason of lack of service of process. A party may not serve process herself; certified mail service must be made by the Clerk of Court. Plaintiff is fully aware that she has not successfully served Wells Fargo, but has failed for more than two months to remedy that situation. July 20, 2009.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).