# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DONNA L. FELL-BOURELLE,

       Plaintiff,                     :         Case No. 3:09-cv-069

                                        District Judge Thomas M. Rose
   -vs-                              Magistrate Judge Michael R. Merz
                                  :

FREMONT INVESTMENT & LOAN,
   et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

On September 18, 2012, the Court dissolved the bankruptcy stay in this case and set a preliminary pretrial conference by telephone at 10:00 A.M. on Tuesday, October 9, 2012. The Order further provides "[t]he parties are directed to be available at the office telephone numbers listed in the docket of this case or to advise the Court of a number at which they can be reached." (Order, Doc. No. 20, PageID 101). When the Court attempted to reach Plaintiff at the number on the docket and at which opposing counsel has reached her (937-671-4971), Plaintiff was not present or at least did not accept the call. It is accordingly recommended that Plaintiff's Complaint as to Defendant Signature Group Holdings, Inc., be dismissed without prejudice for want of prosecution.

In the same Order, Plaintiff was directed to show cause in writing not later than the time of the preliminary pretrial conference why her Complaint should not be dismissed with prejudice as to Defendant National Mortgage Funding on the basis of that company's discharge in bankruptcy.

Plaintiff has not filed any such showing and it is accordingly recommended that her Complaint as to Defendant National Mortgage Funding be dismissed with prejudice.

October 9, 2012.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).